UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES F. CODDIE, | ) | Case No.  CV 16-09404-PA (KES) |
| Petitioner, | ) | |
| v. | ) | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |
| JOHN SUTTON, Warden, | ) | |
| Respondent. | ) | |

On December 20, 2016, Charles F. Coddie ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Dkt. 1.) Petitioner also consented to having a United States Magistrate Judge conduct all proceedings in this case. (Dkt. 2.) The Petition is the second habeas corpus petition that Petitioner has filed in this Court stemming from his 2002 state court convictions and sentence in the Los Angeles Superior Court, case no. KA054598.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prison in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and

any attached exhibits that the petitioner is not entitled to relief in the district court[.]" For the reasons set forth below, the Petition must be dismissed as a second or successive petition pursuant to 28 U.S.C. § 2244(b).

## I.

## BACKGROUND

### A. State Court Proceedings

On April 17, 2002, Petitioner was convicted by a Los Angeles County Superior Court jury of one count of attempted murder and one count of assault with a firearm. The jury also found true a number of associated allegations regarding petitioner's firearm use and infliction of great bodily injury on the victim. The trial court sentenced petitioner to imprisonment for an indeterminate term of 30 years to life.

Petitioner appealed, claiming that the trial court erred in failing to give jury instructions on attempted voluntary manslaughter and lesser included offenses. He also claimed that two of the jury instructions given were prejudicial and unconstitutionally coercive. On September 30, 2003, the California Court of Appeal denied these claims and affirmed Petitioner's conviction. People v. Coddie, 2003 WL 22244068, at *3 (Cal. App. 2d Sept. 30, 2003) (unpublished). Petitioner then filed a petition for review in the California Supreme Court, which was denied without comment or citation to authority on December 17, 2003.

Petitioner's first state collateral challenge consisted of a petition for writ of habeas corpus constructively filed in the Los Angeles County Superior Court on April 12, 2016, approximately thirteen years after Petitioner's sentence became final. Petitioner alleged therein that the prosecution failed to plead and prove Petitioner's firearm enhancements, and that Petitioner was denied effective assistance of appellate counsel. That petition was denied on April 18, 2016. (Dkt. 1 at 12-15.) The court found that Petitioner failed to

explain his significant delay in seeking habeas relief, and that these issues were not raised on appeal and therefore were barred from state habeas consideration. (Id.)

Petitioner then raised the same claims to the California Court of Appeal on May 2, 2016. (Dkt. 1 at 4.) On May 5, 2016, the Court of Appeal summarily denied Petitioner's habeas petition without comment or citation to authority. (Dkt. 1 at 18.) Petitioner then raised the same claims in a habeas petition to the California Supreme Court on June 29, 2016. (Dkt. 1 at 4.) On June 29, 2016, the California Supreme Court denied Petitioner's habeas petitioner without comment or citation to authority. (Dkt. 1 at 21.)

## B. Prior Federal Habeas Petitions[1]

### 1. Motion for Extension of Time to File Habeas Petition.

On October 25, 2004, Petitioner filed a "Motion for Extension" which was assigned case no. 2:04-cv-08811-GLT-FMO. On November 4, 2016, the Court denied the motion and administratively closed the case. The Court found that, because Petitioner did not currently have a petition for habeas corpus pending before the Court, the case-and-controversy requirement of Article III was not met.

### 2. First Federal Habeas Petition.

On December 3, 2004, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("First Petition"), which was assigned case no. 2:04-cv-09874-PA-FMO. The First Petition challenged Petitioner's convictions in Los Angeles County Superior Court, case no. KA054598. The First Petition raised four claims relating to jury instructions that the trial court either improperly gave or erroneously

---

[1] The Court takes judicial notice of its own records. Fed. R. Evid. 201(b)(2); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1  failed to give. (See 2:04-cv-9874-PA-FMO, Dkt. 19 at 5-6 [Report and
2  Recommendation].)
3        On July 18, 2005, the Magistrate Judge assigned to the case issued a
4  Report and Recommendation recommending that the First Petition be
5  dismissed. Id. at 22. Petitioner did not file objections. On August 23, 2005, the
6  Court adopted the Report and Recommendation and dismissed the First
7  Petition with prejudice. (2:04-cv-9874-PA-FMO, Dkt. 21 [Order Adopting
8  Report and Recommendation].) The Court also declined to issue a certificate
9  of appealability under 28 U.S.C. § 2253(c)(2).

## II.
## DISCUSSION

The instant Petition raises two claims for relief: (1) the prosecution failed to plead and prove a gang/firearm allegation[2] that added an indeterminate term of 25 years to life to Petitioner's sentence; and (2) ineffective assistance of appellate counsel for failing to raise the issue in ground one. (Dkt. 1 at 5-6 ¶ 8.)

The Petition now pending is governed by 28 U.S.C. § 2244(b), which provides in pertinent part as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior

---

[2] Petitioner's claim in the instant Petition is that California Penal Code section 12022.53(e)(1) was not pled or proven by the prosecution. Section 12022.53(e)(1) is a gang enhancement, for which Petitioner was neither charged nor convicted. Instead, he was convicted under sections 12022.53(b-d), which relate to Petitioner's use of a firearm during the crime, and do not require a showing of gang affiliation.

4

|     |     |
| --- | --- |
| 1   | application shall be dismissed unless-- |
| 2   | (A) the applicant shows that the claim relies on a new rule of |
| 3   | constitutional law, made retroactive to cases on collateral review |
| 4   | by the Supreme Court, that was previously unavailable; or |
| 5   | (B)(i) the factual predicate for the claim could not have been |
| 6   | discovered previously through the exercise of due diligence; and |
| 7   | (ii) the facts underlying the claim, if proven and viewed in light of |
| 8   | the evidence as a whole, would be sufficient to establish by clear |
| 9   | and convincing evidence that, but for constitutional error, no |
| 10  | reasonable factfinder would have found the applicant guilty of the |
| 11  | underlying offense. |
| 12  | <u>(3)(A) Before a second or successive application permitted by this</u> |
| 13  | <u>section is filed in the district court, the applicant shall move in the</u> |
| 14  | <u>appropriate court of appeals for an order authorizing the district</u> |
| 15  | <u>court to consider the application.</u> |
| 16  | 28 U.S.C. § 2244(b) (emphasis added). |
| 17  | The Petition now pending constitutes a second and/or successive |
| 18  | petition challenging the same conviction as Petitioner's prior habeas petition, |
| 19  | within the meaning of 28 U.S.C. § 2244(b). Thus, it was incumbent on |
| 20  | Petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit |
| 21  | authorizing the District Court to consider his new claims prior to the filing of |
| 22  | the instant Petition. Petitioner's failure to secure an order from the Ninth |
| 23  | Circuit deprives this Court of subject matter jurisdiction. <u>Cooper v. Calderon</u>, |
| 24  | 274 F.3d 1270, 1274 (9th Cir. 2001), <u>cert. denied</u>, 538 U.S. 984 (2003). |
| 25  | // |
| 26  | // |
| 27  | // |
| 28  | // |

1      IT IS THEREFORE ORDERED that this action be summarily
2 dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section
3 2254 Cases in the United States District Courts.
4      LET JUDGMENT BE ENTERED ACCORDINGLY.

6 DATED: December 28, 2016

*/s/ Karen E. Scott*
_____
KAREN E. SCOTT
United States Magistrate Judge